**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
Attorneys for Defendants Ofc. Butler, Ofc. Borden, Ofc. Chavez and LVMPD

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DUSTY T. PORTER, JR., an individual and KASANDRA LAFAYE PORTER, an individual, | Case Number: |
| Plaintiffs, | **DEFENDANTS OFC. BUTLER, OFC. BORDEN, OFC. CHAVEZ AND LVMPD'S NOTICE OF REMOVAL** |
| vs. | |
| OFFICER VLADIMIR BUTLER, an individual; OFFICER ADAM BORDEN, an individual; OFFICER ANTONIO CHAVEZ, an individual; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Nevada governmental entity; DOES I – X and ROES I – X, inclusive, | |
| Defendants. | |

TO:    THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA

Defendants Ofc. Butler, Ofc. Borden, Ofc. Chavez and Las Vegas Metropolitan Police Department ("LVMPD") (collectively "LVMPD Defendants"), by and through by and through their attorneys of record, the law firm of Marquis Aurbach, hereby give notice of removal of the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada. Removal of this action is authorized under 28 U.S.C. §§ 1331, 1441, and 1446. The specific grounds for removal are as follows:

1.    Plaintiffs Dusty T. Porter, Jr. and Kasandra Lafaye Porter ("Plaintiffs") commenced this action against the LVMPD Defendants on July 21, 2025. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

Page 1 of 3

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

2.     The LVMPD Defendants are named Defendants in the above-referenced action that commenced in the Eighth Judicial District Court of the County of Clark, State of Nevada, Case No. A-25-923742-C, and is now pending in that court.

3.     Service of the Summons and Complaint were made on the LVMPD Defendants on November 17, 2025.  A copy of the Summons for the LVMPD Defendants is attached hereto as **Exhibit B**.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that it is an action arising under 42 U.S.C. §1983.  Pursuant to 28 U.S.C. §1441, the LVMPD Defendants are therefore entitled to remove this action to this Court.

5.     Thirty days have not elapsed since the LVMPD Defendants were served with the Complaint in this action.  A copy of the Summons and Complaint are attached hereto as Exhibits A and B constituting all the papers and pleadings on the LVMPD Defendants.

6.     These Defendants are not aware of any other defendants that have been joined or served as of this date.

7.     A true and correct copy of this Notice of Removal is being filed this date with the Clerk of the Eighth Judicial District Court of Nevada.

8.     Based on the foregoing, the LVMPD Defendants remove the above action now pending in the Eighth Judicial District Court of the County of Clark, State of Nevada, as Case No. A-25-923742-C, to this court.

Dated this 17th day of December, 2025.

MARQUIS AURBACH

By *s/Craig R. Anderson*
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorney(s) for

MAC: 14687-558 (#6167896.1) 12/17/2025 9:03 AM

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS OFC. BUTLER, OFC. BORDEN, OFC. CHAVEZ AND LVMPD'S NOTICE OF REMOVAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 17th day of December, 2025.

☐   I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒   I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Robert O. Kurth, Jr., Esq.
Kurth Law Office
3420 North Buffalo Drive
Las Vegas, NV 89129
*Attorney for Plaintiffs*

*s/Sherri Mong*
an employee of Marquis Aurbach

MAC: 14687-558 (#6167896.1) 12/17/2025 9:03 AM

# Exhibit A

Electronically Filed
7/21/2025 11:56 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Robert O. Kurth, Jr.
Nevada Bar No. 4659
**KURTH LAW OFFICE**
3420 North Buffalo Drive
Las Vegas, NV 89129
Tel: (702) 438-5810
Fax: (702) 459-1585
E-mail: Robert.kurthlawoffice@gmail.com
Attorney for Plaintiffs

CASE NO: A-25-923742-C
Department 28

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| DUSTY T. PORTER, JR., an individual; and KASANDRA LAFAYE PORTER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICER VLADIMIR BUTLER, an individual; OFFICER ADAM BORDEN, an individual; OFFICER ANTONIO CHAVEZ, an individual; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Nevada governmental entity; DOES I - X; and ROES I - X, inclusive, <br><br> Defendants. | Case No. <br> Dept. |

## COMPLAINT WITH JURY DEMAND

COMES NOW the Plaintiffs, DUSTY T. PORTER, JR., and KASANDRA LAFAYE PORTER, by and through their counsel, Robert O. Kurth, Jr., of the KURTH LAW OFFICE, and hereby file their Complaint and bring their causes of action against the Defendants, and each of them; complaining and alleging as follows:

1

## JURISDICTION AND VENUE

1.  That the subject matter of this Complaint and each and every act, which gives rise to this Complaint, occurred in Clark County, Nevada at all times material hereto.

2.  That the Eighth Judicial District Court has jurisdiction over this action, and the proper venue is Clark County, Nevada pursuant to Article VI, Section 6 of the Nevada Constitution; Nevada Rule of Civil Procedure 8(a)(4); Nevada Revised Statute ("NRS") 13.040, NRS 41.031; and NRS 41.130 as the occurrences giving rise to this action took place in Clark County, Nevada and the amount in controversy exceeds $15,000.00 exclusive of attorney's fees, interest, and costs.

3.  As for the Plaintiffs' federal claims brought under 42 U.S.C. § 1983, this Court has jurisdiction pursuant to the Supremacy Clause of the United States Constitution, which provides state courts with a concurrent jurisdiction to enforce federal law according to their regular modes of procedure.

## IDENTIFICATION OF THE PARTIES

4.  That at all times relevant herein, the Plaintiff, DUSTY T. PORTER, JR. (hereinafter "PLAINTIFF" or "DUSTY") was, and is, a resident of Clark County, Nevada, over 18 years of age, and subject to the unlawful actions of the Defendants as described herein.

5.  That at all times relevant herein, the Plaintiff, KASANDRA LAFAYE PORTER (hereinafter "PLAINTIFF" or "KASANDRA") was, and is, a resident of Clark County, Nevada, over 18 years of age, and subject to the unlawful actions of the Defendants as described herein.

6.  That at all times relevant herein, Defendant OFFICER VLADIMIR BUTLER ("OFFICER BUTLER") was employed as an officer by the Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), and was acting under color of law within the course and scope of his respective duties as an officer employed by LVMPD and with the complete authority of LVMPD. Upon information and

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

2

belief, OFFICER BUTLER was, and is, a United States citizen and a resident of Clark County, Nevada. OFFICER BUTLER is sued in his individual capacity.

7. That at all times relevant herein, Defendant OFFICER ADAM BORDEN ("OFFICER BORDEN") was employed as an officer by the Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), and was acting under color of law within the course and scope of his respective duties as an officer employed by LVMPD and with the complete authority of LVMPD. Upon information and belief, OFFICER BORDEN was, and is, a United States citizen and a resident of Clark County, Nevada. OFFICER BORDEN is sued in his individual capacity.

8. That at all times relevant herein, Defendant OFFICER ANTONIO CHAVEZ ("OFFICER CHAVEZ") was employed as an officer by the Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), and was acting under color of law within the course and scope of his respective duties as an officer employed by LVMPD and with the complete authority of LVMPD. Upon information and belief, OFFICER CHAVEZ was, and is, a United States citizen and a resident of Clark County, Nevada. OFFICER CHAVEZ is sued in his individual capacity.

9. That at all times relevant herein, the Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), is/was a governmental entity organized and existing under the laws of the State of Nevada and a political entity of the State of Nevada. That at all times relevant herein, the Defendant LVMPD possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment, and removal of individual members of the LVMPD.

10. That the true names, identities or capacities, of the Defendants named herein as DOES I - X, inclusive, and ROES I - X, inclusive, whether individual, corporate, associate or otherwise, are presently unknown to the Plaintiff(s) who therefore sues said Defendants by such

3

fictitious names. When the true names and capacities of said Defendants become known, the Plaintiff(s) will ask the Court for leave to amend this Complaint to substitute the true names, identities, and capacities of said Defendants. The Plaintiff(s) is/are informed, believes, and therefore alleges that Defendants so designated herein are responsible in some manner for the events and occurrences contained in this action.

## GENERAL ALLEGATIONS

11. Paragraphs 1 through 10 of the Complaint are hereby specifically included and incorporated as though fully set forth herein.

12. That on or about July 21, 2023, the Plaintiff KASANDRA was in her home located at 2132 Valley Drive. Las Vegas, Nevada 89108.

13. That on or about July 21, 2023, the Plaintiff DUSTY was in KASANDRA's home located at 2132 Valley Drive, Las Vegas, Nevada 89108.

14. That the Plaintiff DUSTY had permission to be in KASANDRA's home located at 2132 Valley Drive, Las Vegas, Nevada 89108.

15. That the Declaration of Arrest Report makes various allegations concerning the incident(s) involving the Plaintiffs and the Defendants on July 21, 2023.

16. That body camera footage of the events that took place on July 21, 2023, concerning the Plaintiffs was recorded.

17. That the Plaintiffs dispute various allegations and statements allegedly made in the Declaration of Arrest Report.

18. That the Plaintiff DUSTY was suicidal and was suffering from paranoia on July 21, 2023.

19. That the Plaintiff DUSTY was under the influence of a controlled substance on July 21, 2023.

4

20. That the Plaintiff DUSTY had allegedly made statements that he was "ready to go and was done with life."

21. That the Plaintiff DUSTY was in possession of a kitchen steak knife at some point in time on July 21, 2023.

22. That the Plaintiff DUSTY alleged that he was in possession of a kitchen steak knife to protect himself from anyone who would try to kill him.

23. That the Plaintiff KASANDRA called the 911 dispatch for the Las Vegas Metropolitan Police Department ("LVMPD") on July 21, 2023 as she was concerned for DUSTY.

24. That the Defendants allege that the Plaintiff DUSTY said that he wanted the officers to shoot and kill him.

25. That the Defendants, and/or some of them, attempted to communicate with the Plaintiff DUSTY and resolve the situation for approximately thirty-seven (37) minutes.

26. That the Defendants, and each of them, chased DUSTY through a bedroom and into the bathroom, where the Plaintiff KASANDRA was located.

27. That the Defendant, OFFICER BUTLER, alleged that he saw the Plaintiff DUSTY holding a knife in his hand in the bathroom and fired no less than one (1) shot from his handgun; striking the Plaintiff DUSTY in his pelvic and/or thigh area of his body.

28. That the Defendants, and/or some of them, yelled for the Plaintiff DUSTY to be tazed.

29. That the Defendant, OFFICER BUTLER, shot the Plaintiff DUSTY even though he was told to taze him.

30. That the Defendants, and each of them, knew or should have known that the Plaintiff DUSTY was not holding a knife at the time he was shot.

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

5

31. That the Plaintiff KASANDRA was in the master bathroom shower prior to the Plaintiff DUSTY entering the bathroom.

32. That the Plaintiff DUSTY was sitting on the floor of the bathroom and was pushing against the bathroom door with his feet in an attempt to keep the Defendants from entering the bathroom.

33. That the Plaintiff DUSTY was not in possession of the knife when the Defendants, and each of them, were attempting to open the bathroom door and were pushing against such.

34. That the Defendants, including OFFICER BORDEN, was/were kicking at the bathroom door in an attempt to get the door open.

35. That KASANDRA was inside the bathtub crouching down during the shooting of the Plaintiff DUSTY.

36. That the kitchen steak knife alleged to be in the possession of DUSTY prior to the shooting was found on top of the toilet area.

37. That the Plaintiff DUSTY was allegedly holding the knife to his chest at some point in time prior to being shot by the Defendants.

38. That OFFICER BORDEN asked for a tazer to take the Plaintiff DUSTY into custody.

39. That OFFICER BUTLER ignored OFFICER BORDEN's request to taze the Plaintiff DUSTY.

40. That the Plaintiff KASANDRA exited the shower area after the shooting.

41. That the Plaintiff KASANDRA could have been shot by the Defendants.

42. That the Defendants ignored the Plaintiff KASANDRA's safety when shooting DUSTY.

43. That the Defendant DUSTY did not threaten to hurt anyone inside the residence on the day in question.

44. That the Defendant DUSTY did not threaten to hurt his sister, the Plaintiff KASANDRA.

6

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

45. That the Defendant DUSTY was under the influence of various substances at the time of the incident and was suffering paranoia and not mentally stable at the time.

46. That the Defendant DUSTY never threatened anyone with a knife.

47. That the Defendant DUSTY was in the bathroom attempting to push against the door so as to not let the police come into the bathroom.

48. That the Defendant DUSTY did not have a knife in his hand when he was in the bathroom when he was shot by the police.

49. That this matter involves allegations of suicide by cop, mental delusions, etc.

50. That the Plaintiff DUSTY was placed into custody in the Clark County Detention Center on or about July 21, 2023.

51. That DUSTY was taken to University Medical Center for the treatment of his injuries.

52. That DUSTY entered into an Alford Plea to Resisting Public Officer With Use of a Dangerous Weapon, a Category D Felony subject to 1-4 years in prison.

53. That upon information and belief, LVMPD's policies, practices, and customs require officers to resolve conflict through de-escalation tactics such as ongoing communication and crisis intervention.

54. Upon information and belief, LVMPD's policies, practices, and customs require officers to p reserve and protect human life and to exhaust de-escalation tactics prior to using physical force.

55. Upon information and belief, LVMPD's policies, practices, and customs require that its officers use the least amount of physical force necessary and that officers cease all use of force when the need for it ends.

56. Upon information and belief, LVMPD's policies, practices, and customs treat all available use-of-force methods – including verbal commands, officer presence, tasers, impact weapons, and physical strikes – as equivalent, interchangeable methods without regard for the differing risk of

7

harm they present.

57. Upon information and belief, LVMPD's policies, practices, and customs do not provide officers with guidance or direction on the appropriate use of force methods officers should use under particular circumstances.

58. Upon information and belief, LVMPD's policies, practices, and customs fail to provide officers with clear guidance on selecting appropriate use-of-force methods based on the surrounding circumstances.

59. Upon information and belief, LVMPD's policies, practices, and customs direct officers to deploy impact projectile launchers against armed individuals who are experiencing emotional disturbances and do not pose a life-threatening danger to the officers, or anyone else.

60. At all times relevant herein, LVMPD failed to train its sergeants and officers on the department's de-escalation requisites as shown by the officers' failure to communicate with DUSTY and lack of implementation of any meaningful crisis intervention tactics during their interaction with him.

61. At all times relevant herein, LVMPD should have allowed the deployment of tasers and impact projectile launchers rather thant shooting DUSTY where said weapon was not needed.

62. At all relevant times herein, LVMPD maintained a policy, practice, and custom of permitting its officers to deploy tasers and impact projectile launchers with considerable latitude, prior to evaluating the appropriateness of such force in relation to the situational context or level of threat present.

63. At all times relevant herein, LVMPD maintained a practice of giving officers unchecked discretion to default to the use of force, rather than employing de-escalation techniques or exhausting less lethal alternatives prior to escalating to violent measures.

64. That the Plaintiffs suffered serious physical, emotional and mental injury(ies) and damages as a result of the Defendants conduct and will continue to require treatment for those injuries in the future.

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

8

**FIRST CAUSE OF ACTION**
**FOURTH AMENDMENT VIOLATION UNDER § 1983**
**(EXCESSIVE FORCE)**
*Plaintiffs Against All Defendants*

65. Paragraphs 1 through 64 of the Complaint are hereby specifically included and incorporated as though fully set forth herein.

66. 42 U.S.C. § 1983 provides, in part, that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any State of Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit at equity or other proper proceedings."

67. Even where probable cause does exist—though it does *not* exist in this case—police officers must use a reasonable level of force to effectuate an arrest and, thus, cannot use excessive force.

68. Use of excessive force violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, secured under the United States Constitution, giving rise to a claim for excessive force under 42 U.S.C. § 1983.

69. The Defendants were acting under the color of state law in their individual capacities as law enforcement officers with the LVMPD.

70. The Plaintiffs was/were deprived of their Fourth Amendment right against the use of excessive force when Defendants used excessive force to detain the Plaintiff DUSTY.

71. No reasonable officer could conclude that lethal force should have been used against the Plaintiff DUSTY at the time that it was used.

72. That no amount of force was reasonable for use against the Plaintiffs under the circumstances.

73. At no point did Plaintiff perform any actions or inactions that could reasonably be perceived

9

as violating Nevada law.

74. At no point did Plaintiffs actively resist the Defendants nor any other LVMPD officer.

75. At no point did Plaintiff DUSTY pose a threat to himself or others.

76. At no point did Defendants give Plaintiff DUSTY a warning that force would be used against him if he did not comply with a specific order, yet giving such warning was feasible under the circumstances.

77. Defendants' use of force against Plaintiff constitutes a substantial and aggressive use of force capable of inflicting significant pain and causing serious injury. This use of force was unjustified and unlawful.

78. Defendants' unlawful use of force did, indeed, cause Plaintiffs to suffer significant pain and serious physical and mental injury. Thus, Plaintiff suffered physical harm, emotional harm, and monetary damages because of Defendants' actions.

79. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs has/have suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. They has/have suffered past and present pain and suffering and will continue to suffer in the future.

80. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs is entitled to reasonable attorney's fees and costs against the Defendants.

## SECOND CAUSE OF ACTION
### ARTICLE 1, SECTION 18 VIOATION UNDER NEVADA CONSTITUTION (EXCESSIVE FORCE)
*Plaintiffs Against All Defendants*

81. Paragraphs 1 through 80 of the Complaint are hereby specifically included and incorporated as though fully set forth herein.

82. Article 1, Section 18 of the Nevada Constitution protects individuals against unreasonable

10

searches and seizures, mirroring the protections afforded under the Fourth Amendment of the U.S. Constitution.

83. Therefore, as discussed in the First Cause of Action and incorporated herein, the excessive force used by Defendants stands in direct violation of the principles of reasonableness and restraint that are foundational to the rights protected by the Nevada Constitution.

84. Even where probable cause does exist—though it does *not* exist in this case—police officers must use a reasonable level of force to effectuate an arrest and, thus, cannot use excessive force.

85. Use of excessive force violates Article 1, Section 18's guarantee of security from unreasonable searches and seizures, secured under the Nevada Constitution.

86. The Defendants were acting under the color of state law in their individual capacities as law enforcement officers with the LVMPD.

87. Plaintiff was deprived of his right against the use of excessive force when Defendants used force to detain him.

88. No reasonable officer could conclude that Plaintiff was unlawfully resisting officers, about to flee, nor that he was trying to commit or did commit a battery upon an officer who was performing his or her duty.

89. In fact, no amount of force was reasonable for use against Plaintiffs under the circumstances.

90. At no point did Plaintiff take any actions or inactions that could reasonably be perceived as violating Nevada law.

91. At no point did Plaintiffs actively resist the Defendants nor any other LVMPD officer.

92. At no point did Plaintiff DUSTY pose a threat to himself or others.

93. At no point did Defendants give Plaintiff DUSTY a warning that force would be used

11

against him if he did not comply with a specific order, yet giving such warning was feasible under the circumstances.

94. Defendants' use of force against Plaintiff constitutes a substantial and aggressive use of force capable of inflicting significant pain and causing serious injury. This use of force was unjustified and unlawful.

95. Defendants' unlawful use of force did, indeed, cause Plaintiffs to suffer significant pain and serious physical and mental injury. Thus, Plaintiff suffered physical harm, emotional harm, and monetary damages because of Defendants' actions.

96. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs has/have suffered physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. They has/have suffered past and present pain and suffering and will continue to suffer in the future. These damages are worth significantly more than $15,000.00.

97. Plaintiffs is/are entitled to reasonable attorney's fees and costs against the Defendants incurred as a result of pursuing this action.

## THIRD CAUSE OF ACTION
### BATTERY
*Plaintiffs Against Defendants*

98. Paragraphs 1 through 97 of the Complaint are hereby specifically included and incorporated as though fully set forth herein.

99. The Defendants, and each of them, intentionally and willfully made unlawful, offensive, and harmful contact with the body of the Plaintiffs. This contact caused the Plaintiffs to suffer physical and emotional injuries.

100. That the Plaintiffs did not consent to the Defendants' contacts, actions, inactions and/or omissions.

12

101. That the Plaintiff DUSTY did not pose an actual or reasonably perceived physical threat to Defendants.

102. That the force used by the Defendants was excessive and unreasonable.

103. That the Defendants were acting under the color of state law in their individual capacities as police officers with the LVMPD.

104. That the Plaintiffs suffered, and continue to suffer, irreparable injury and monetary damage caused by the Defendants' actions and inactions, in excess of $15,000.00.

105. As a direct and proximate result of Defendants' actions and inactions, the Plaintiffs has suffered and continues to suffer physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. They has/have suffered past and present pain and suffering and will continue to suffer in the future. These damages are worth well in excess of $15,000.00.

106. That the Plaintiffs are entitled to an award of attorney's fees and costs as Plaintiffs has/have been forced to incur such fees and costs to bring this action.

## FOURTH CAUSE OF ACTION
### ASSAULT
*Plaintiffs Against All Defendants*

107. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 106 of the Complaint as though fully set forth herein.

108. The Defendants intentionally and willfully placed Plaintiffs in reasonable apprehension of immediate harmful or offensive touch.

109. The Defendants intended to cause harmful or offensive touch and/or contact to the Plaintiffs through their actions, omissions and/or conduct.

110. That the Plaintiffs reasonably believed that they were about to be touched and/or

13

otherwise hurt or injured by the Defendants in a harmful and offensive manner when, among other things, the Defendants were pushing on the bathroom door and the Plaintiff DUSTY was shot.

111. That the Plaintiffs did not consent to the Defendants' willful, unlawful, and harmful touch and/or contact, actions and/or omissions.

112. That the Plaintiff DUSTY did not pose an actual or reasonably perceived physical threat to Defendants nor to anyone else.

113. Defendants were acting under the color of state law in their official individual capacities as police officers with the LVMPD.

114. That the Plaintiff suffered, and continue to suffer, irreparable injury and monetary damages caused by Defendants' actions and inactions, in excess of $15,000.00.

115. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs has/have suffered and continue to suffer physical and emotional injuries, has required medical treatment for those injuries, and will require medical treatment in the future. Plaintiffs has/have suffered past and present pain and suffering and will continue to suffer in the future. These damages are worth significantly more than $15,000.00.

116. That the Plaintiffs are entitled to an award of attorney's fees and costs as Plaintiffs has/have been forced to incur such fees and costs to bring this action.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *Plaintiffs Against Defendants*

117. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 116 of the Complaint as though fully set forth herein.

118. The Defendants' conduct was extreme and outrageous, and was perpetrated with the intention of, or reckless disregard for, causing Plaintiffs emotional distress and harm.

14

119. That the Defendants intentionally or recklessly demonstrated extreme and outrageous conduct by subjecting Plaintiffs to fear for their physical safety, humiliation, and physical pain when they unlawfully used excessive force against the Plaintiffs with the intention of causing the Plaintiffs emotional distress.

120. The Defendants' conduct lacked justification.

121. The Defendants' conduct exceeds all possible bounds of decency and is utterly intolerable in a civilized community.

122. As a direct and proximate cause of the Defendants' extreme and outrageous conduct, Plaintiffs has/have suffered, and continue to suffer, severe and extreme emotional distress including, but not limited to, anxiety attacks, panic, and shame, and other mental health issues.

123. That the Plaintiffs suffered, and continue to suffer, irreparable injury and monetary damages caused by Defendants' actions and inactions in excess of $15,000.00.

124. As a direct and proximate result of Defendants' actions and inactions, Plaintiffs has/have suffered and continue to suffer physical injuries and symptoms, as well as emotional injuries and symptoms, and has required medical treatment for those injuries, and will require medical treatment in the future. Plaintiffs has/have suffered past and present pain and suffering and will continue to suffer in the future. These damages are worth significantly more than $15,000.00.

125. That the Plaintiffs are entitled to an award of attorney's fees and costs as Plaintiffs has/have been forced to incur such fees and costs to bring this action.

## SIXTH CAUSE OF ACTION
### NEGLIGENCE
*Plaintiffs Against Defendants*

126. Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 125 of the Complaint as though fully set forth herein.

15

127.    That the Defendants had a duty to perform their job responsibilities in a reasonable and prudent manner, including as an officer and/or sergeant for the LVMPD.

128.    That the Defendants further owed Plaintiffs a duty of care to carry out their responsibilities by exercising a degree of care, skill, and diligence that ordinarily prudent persons and/or officers in like positions would use under similar circumstances.

129.    That the Defendants had a duty to exercise ordinary care by employing alternative methods of de-escalation prior to resorting to the use of force.

130.    That the Defendants had a duty of care not to subject the Plaintiffs to an unreasonable risk of harm through the use of excessive and unnecessary force.

131.    That the Defendants knew, or in the exercise of reasonable due care should have known, that failing to perform their duties in a reasonable and prudent manner would result in unreasonable harm to the individuals they had a duty to protect, including the Plaintiffs.

132.    That the Defendants negligently hired, trained and/or supervised the other Defendants.

133.    That the Defendants breached their duties to the Plaintiffs with the use of excessive force.

134.    That the Defendants breached their duties when they unreasonably shot DUSTY and placed KASANDRA's life in danger.

135.    That as a legal, direct, and proximate result, Plaintiffs sustained damages for which they is/are entitled to compensation, including physical injuries and severe emotional, psychological, and mental pain and suffering.

136.    That the Plaintiffs has/have been required to retain an attorney to prosecute this matter and is/are entitled to an award of reasonable attorney's fees and costs incurred herein.

16

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that this Court enter the following relief against the Defendants, and each of them, jointly and severally:

A.  For general and compensatory damages, including such incidental and consequential damages resulting from the Defendants' actions and/or omissions in an amount in excess of Fifteen Thousand ($15,0000.00) Dollars.

B.  For special damages in an amount in excess of Fifteen Thousand ($15,0000.00) Dollars.

C.  For pre-judgment and post-judgment interest at the statutory maximum.

D.  For reasonable attorney's fees and costs incurred in the prosecution of this matter.

E.  For such other relief this Court deems appropriate.

DATED this 21st day of July 2025.

Respectfully Submitted by:
**KURTH LAW OFFICE**

/s/ Robert O. Kurth, Jr.
ROBERT O. KURTH, JR.
Nevada Bar No. 4659
Attorney for Plaintiffs

///

///

///

///

///

17

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiffs, by and through their counsel, hereby demand a jury trial of all issues in the above-referenced matter.

DATED this 21st day of July 2025.

*Respectfully Submitted by,*
**KURTH LAW OFFICE**

/s/ Robert O. Kurth, Jr.
ROBERT O. KURTH, JR.
Nevada Bar No. 4659
Attorney for Plaintiffs

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

# Exhibit B

**SEI**
Robert O. Kurth, Jr.
Nevada Bar No. 4659
**KURTH LAW OFFICE**
3420 N. Buffalo Drive
Las Vegas, NV 89129
Tel: (702) 438-5810
Fax: (702) 459-1585
Email: Robert.kurthlawoffice@gmail.com
*Attorney for Plaintiffs*

# DISTRICT COURT
# CLARK COUNTY, NEVADA

|  |  |
|---|---|
| DUSTY T. PORTER, JR., an individual; and KASANDRA LAFAYE PORTER, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICER VLADIMIR BUTLER, an individual; OFFICER ADAM BORDEN, an individual; OFFICER ANTONIO CHAVEZ, an individual; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Nevada governmental entity; DOES I - X; and ROES I - X, inclusive, <br><br> Defendants. | Case No. A-25-923742-C <br> Dept. 28 <br><br><br> **SUMMONS** |

**TO: OFFICER ADAM BORDEN:**

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil *Complaint with Jury Demand* has been filed by the Plaintiffs against you and the other defendants for the relief set forth in the *Complaint with Jury Demand*.

1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the Plaintiffs and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:
**KURTH LAW OFFICE**

**/s/ Robert O. Kurth, Jr.**
ROBERT O. KURTH, JR.
Nevada Bar No. 4659
3420 North Buffalo Drive
Las Vegas, Nevada 89129
(702) 438-5810
*Attorney for Plaintiffs*

STEVEN D. GRIERSON
**CLERK OF COURT**

By: _Chyanna Gentry_    11/14/2025
**DEPUTY CLERK**       Date
District Court Office
Regional Justice Center    Chy Gentry
200 Lewis Avenue, 3rd Floor
Las Vegas, Nevada 89155
(702) 671-0500

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

SEI
Robert O. Kurth, Jr.
Nevada Bar No. 4659
**KURTH LAW OFFICE**
3420 N. Buffalo Drive
Las Vegas, NV 89129
Tel: (702) 438-5810
Fax: (702) 459-1585
Email: Robert.kurthlawoffice@gmail.com
*Attorney for Plaintiffs*

# DISTRICT COURT
## CLARK COUNTY, NEVADA

DUSTY T. PORTER, JR., an individual; and
KASANDRA LAFAYE PORTER, an individual,

Plaintiffs,

vs.

OFFICER VLADIMIR BUTLER, an individual;
OFFICER ADAM BORDEN, an individual;
OFFICER ANTONIO CHAVEZ, an individual;
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, a Nevada governmental entity;
DOES I - X; and ROES I - X, inclusive,

Defendants.

Case No. A-25-923742-C
Dept. 28

# SUMMONS

**TO: OFFICER VLADIMIR BUTLER:**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil *Complaint with Jury Demand* has been filed by the Plaintiffs against you and the other defendants for the relief set forth in the *Complaint with Jury Demand*.

1.     If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiffs and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:
**KURTH LAW OFFICE**

STEVEN D. GRIERSON

**CLERK OF COURT**

By: _Chyanna Gentry_    11/14/2025

**/s/ Robert O. Kurth, Jr.**
ROBERT O. KURTH, JR.
Nevada Bar No. 4659
3420 North Buffalo Drive
Las Vegas, Nevada 89129
(702) 438-5810
*Attorney for Plaintiffs*

**DEPUTY CLERK**    Date
District Court Office
Regional Justice Center
200 Lewis Avenue, 3rd Floor    Chy Gentry
Las Vegas, Nevada 89155
(702) 671-0500

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

Electronically Issued
11/14/2025 10:19 AM

**SEI**
Robert O. Kurth, Jr.
Nevada Bar No. 4659
**KURTH LAW OFFICE**
3420 N. Buffalo Drive
Las Vegas, NV  89129
Tel: (702) 438-5810
Fax: (702) 459-1585
Email: Robert.kurthlawoffice@gmail.com
*Attorney for Plaintiffs*

# DISTRICT COURT
# CLARK COUNTY, NEVADA

DUSTY T. PORTER, JR., an individual; and
KASANDRA LAFAYE PORTER, an individual,

                Plaintiffs,

vs.

OFFICER VLADIMIR BUTLER, an individual;
OFFICER ADAM BORDEN, an individual;
OFFICER ANTONIO CHAVEZ, an individual;
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, a Nevada governmental entity;
DOES I - X; and ROES I - X, inclusive,

                Defendants.

Case No. A-25-923742-C
Dept. 28

# SUMMONS

**TO: OFFICER ANTONIO CHAVEZ:**

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil *Complaint with Jury Demand* has been filed by the Plaintiffs against you and the other defendants for the relief set forth in the *Complaint with Jury Demand.*

    1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

        a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

        b. Serve a copy of your response upon the attorney whose name and address is shown below.

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810



2. Unless you respond, your default will be entered upon application of the Plaintiffs and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:
**KURTH LAW OFFICE**

STEVEN D. GRIERSON
**CLERK OF COURT**

 /s/ Robert O. Kurth, Jr.
ROBERT O. KURTH, JR.
Nevada Bar No. 4659
3420 North Buffalo Drive
Las Vegas, Nevada 89129
(702) 438-5810
*Attorney for Plaintiffs*

By: _____ 11/14/2025
**DEPUTY CLERK**          Date
District Court Office
Regional Justice Center    Chy Gentry
200 Lewis Avenue, 3rd Floor
Las Vegas, Nevada 89155
(702) 671-0500

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

**SEI**
Robert O. Kurth, Jr.
Nevada Bar No. 4659
**KURTH LAW OFFICE**
3420 N. Buffalo Drive
Las Vegas, NV 89129
Tel: (702) 438-5810
Fax: (702) 459-1585
Email: Robert.kurthlawoffice@gmail.com
*Attorney for Plaintiffs*

# DISTRICT COURT

## CLARK COUNTY, NEVADA

DUSTY T. PORTER, JR., an individual; and
KASANDRA LAFAYE PORTER, an individual,

Plaintiffs,

vs.

OFFICER VLADIMIR BUTLER, an individual;
OFFICER ADAM BORDEN, an individual;
OFFICER ANTONIO CHAVEZ, an individual;
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, a Nevada governmental entity;
DOES I - X; and ROES I - X, inclusive,

Defendants.

Case No. A-25-923742-C
Dept. 28

# SUMMONS

**TO: LAS VEGAS METROPOLITAN POLICE DEPARTMENT:**

**NOTICE!   YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil *Complaint with Jury Demand* has been filed by the Plaintiffs against you and the other defendants for the relief set forth in the *Complaint with Jury Demand*.

1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:

a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b.  Serve a copy of your response upon the attorney whose name and address is shown below.

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810

2.     Unless you respond, your default will be entered upon application of the Plaintiffs and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:
**KURTH LAW OFFICE**

STEVEN D. GRIERSON

**CLERK OF COURT**

By: _~Chyanna Gentry~_  11/14/2025

**/s/ Robert O. Kurth, Jr.**
ROBERT O. KURTH, JR.
Nevada Bar No. 4659
3420 North Buffalo Drive
Las Vegas, Nevada 89129
(702) 438-5810
*Attorney for Plaintiffs*

**DEPUTY CLERK**          Date
District Court Office
Regional Justice Center    Chy Gentry
200 Lewis Avenue, 3rd Floor
Las Vegas, Nevada 89155
(702) 671-0500

KURTH LAW OFFICE
3420 North Buffalo Drive
Las Vegas, NV 89129
(702) 438-5810