UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Dusty T. Porter, Jr., et al., | Case No. 2:25-cv-02510-CDS-EJY |
| Plaintiffs | **Order Denying the Defendants' Motion to Partially Dismiss** |
| v. | |
| Officer Vladimir Butler, et al., | [ECF No. 2] |
| Defendants | |

Plaintiffs Dusty Porter, Jr., and Kasandra Lafaye Porter bring a Fourth Amendment violation under § 1983 and state law claims against defendants Officer Vladimir Butler, Officer Adam Borden, and Officer Antonio Chaves, in their individual capacity, and the Las Vegas Metropolitan Police Department (LVMPD). Compl., ECF No. 1 at 5–22.[1] The defendants removed this action from the Eighth Judicial District Court, Clark County, Nevada on December 17, 2025. Removal pet., ECF No. 1 at 1–2. The defendants seek a partial dismissal of the plaintiffs' state law claims due to lack of notice under to Nevada Revised Statute (NRS) § 41.036(2). Mot. to dismiss, ECF No. 2. This motion is fully briefed. Opp'n, ECF No. 11; Reply, ECF No. 12. For the reasons stated herein, the defendants' motion is denied.

**I.     Legal standard**

The Federal Rules of Civil Procedure (FRCP) require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under FRCP 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which

---

[1] The defendants are reminded that Local Rule IC 2-2(a)(3), requires that "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system. They must be attached as separate files."

it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.* at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under FRCP 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

## II.    Background[2]

As alleged in the complaint, on July 21, 2023, Kasandra Porter called 911 because she was concerned about her brother, Dusty Porter, who was under the influence of various substances, was suffering from paranoia, and was not mentally stable. ECF No. 1 at ¶¶ 18–19, 23, 44, 45. The officers (hereinafter, the defendants) arrived at Kasandra's house, where they attempted to communicate with Dusty in an effort to resolve the situation for approximately thirty-seven minutes. *Id.* at ¶ 25.

---

[2] Unless otherwise noted, the court only cites to Porter's complaint (ECF No. 1 at 5–22) to provide context to this action, not to indicate a finding of fact.

The plaintiffs allege that the defendants chased Dusty through a bedroom and into the bathroom, where Dusty attempted to prevent the defendants from entering. ECF No. 1 at ¶¶ 26, 32, 47. Kasandra was in the bathtub in the bathroom when Dusty ran inside it. *Id.* at ¶ 35. Officer Butler saw Dusty holding a knife[3] in his hand in the bathroom and fired "no less than one" shot from his handgun, which hit Dusty's lower body (the incident). *Id.* at ¶¶ 27, 37. As alleged, Officer Butler shot Dusty even though the other officers told him to taze Dusty. *Id.* at ¶ 29. After Dusty was shot, Kasandra exited the bathtub. *Id.* at ¶ 40. At some point, Dusty was placed in custody and taken to the Clark County Detention Center. *Id.* at ¶ 50.

The plaintiffs filed this action raising the following claims against all defendants: (1) Fourth Amendment violation under § 1983; (2) excessive use of force under Article I, Section 18 of the Nevada Constitution; (3) battery; (4) assault; (5) intentional infliction of emotional distress (IIED); and (6) negligence. *See generally* ECF No. 1 at 5–22.

**III.   Discussion**

The defendants argue that all state law claims must be dismissed because they failed to comply with Nevada's claim notice provision set forth in NRS 41.036(2). ECF No. 2 at 4. The defendants assert that they did not receive notice of this claim within two years of the subject incident. *Id.* In particular, the defendants assert that the plaintiffs made no attempt between July 21, 2023, and November 17, 2025, to provide any notice to the LVMPD defendants that they intended to bring state-law tort claims against LVMPD and its officers. *Id.* at 7. The defendants further assert that the first notice they received was on November 17, 2025, when they were served with the complaint. *Id.*

---

[3] The plaintiffs dispute various statements made in the declaration of arrest report. ECF No. 1 at ¶ 17. The plaintiffs allege that contrary to the defendants' account of the incident, Dusty was not in possession of the knife when the defendants were attempting to open the bathroom door. *Id.* at ¶¶ 33, 48. But a knife was found on top of the toilet. *Id.* at ¶ 36.

In opposition, the plaintiffs argue that the complaint was filed within the two-year period under NRS 41.036(2), which provided sufficient notice to LVMPD, and that the statute does not explicitly require service of the complaint within that time period. ECF No. 11 at 5. Moreover, they argue that LVMPD was not prejudiced by the time they were served because they knew of the incident and were made aware of the claims within a reasonable time after filing the complaint. *Id.*

At issue is whether notice of the tort claim was timely filed, and whether NRS 41.036(2) applies to the individual officers and LVMPD. As a threshold matter, I first address whether there was timely notice in compliance with NRS 41.036(2). Under NRS 41.036(2), any "person who has a claim against any political subdivision of the [s]tate arising out of a tort must file the claim within two years after the time the cause of action accrues with the governing body of that political subdivision." Nev. Rev. Stat. § 41.036(2). But simply filing a complaint within two years does not satisfy the notice requirement. *See James v. City of Henderson*, 2020 WL 5775752, at *5 (D. Nev. Sep. 28, 2020) (timely filing of the complaint within the two years, but failure to serve within the two-year deadline warrants dismissal under the statute); *Hartrim v. Las Vegas Metro. Police Dep't*, 2011 WL 2690148, at *2–3 (D. Nev. July 11, 2011) (explaining timely filing, but not serving the complaint within two years of claim accrual was insufficient to establish compliance with the requirements of NRS 41.036(2)).

The defendants correctly argue that the plaintiffs filed their complaint in the Eighth Judicial District Court on July 21, 2025, and that they were not served until November 2025. ECF No. 2 at 7; *see also* Defs.' Ex. B, ECF No. 1 at 24–31. As such, the plaintiffs have failed to satisfy the notice requirement under NRS 41.036. However, that argument is unavailing because LVMPD's ability to rely on NRS 41.036 is foreclosed by *In re Public Records Requests to Las Vegas Metropolitan Police Department*, in which the Supreme Court of Nevada held that LVMPD is "not considered a 'political subdivision' under NRS Chapter 280, even if it sometimes exercises the powers of one." 569 P.3d 624 n.1 (2025) (citing NRS 280.050 (defining "[d]epartment" as a

metropolitan police department) and NRS 280.080 (defining "[p]olitical subdivision" as a county or incorporated city or town)). Because being a political subdivision is a requisite to invoking NRS 41.036, and they are not considered one, the defendants' motion fails. For the same reason, the defendants' argument under NRS 41.0337 fails as that provision requires LVMPD to be a political subdivision. Because neither NRS 41.0337 nor NRS 41.036(2)[4] applies, the defendants' motion to partially dismiss is denied.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the defendants' motion to partially dismiss **[ECF No. 2] is DENIED as set forth in this order.**

Dated: April 9, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] Because NRS 41.036(2) does not apply, it likewise does not foreclose Porter from pursuing state claims against the individual officers. *See Bates v. Las Vegas Metro. P.D.*, 2024 U.S. Dist. LEXIS 149263, at *10 (D. Nev. Aug. 20, 2024) (explaining that the language of NRS 41.036 is clear that it applies to *political subdivisions* and does not bar the plaintiff's claims against the LVMPD defendant-officers employed who were sued in their individual capacities).